# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

ALVIN C. THOMPSON,

    Plaintiff,

vs.                                    Case No. 4:14cv497-RH/CAS

WARDEN JOE PALMER,
and SERGEANT R. WATTERS,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate proceeding pro se, has filed a civil rights complaint, doc. 1, under 42 U.S.C. § 1983 and a motion seeking leave to proceed in forma pauperis, doc. 4. Review of that motion necessitates review of the complaint as well.

    Plaintiff has provided a lengthy listing of his prior litigation, yet it appears to be in an intentionally unorganized fashion. Plaintiff lists one case which was dismissed for failure to state a claim, case number 3:10cv409. Doc. 1 at 5. Furthermore, Plaintiff lists another case, without providing the case number, which he states was dismissed as "malicious according to the Attorney General's Office." *Id.* The case number Plaintiff should have listed is case number 3:10cv74. It was dismissed on November 23, 2011,

as malicious for Plaintiff's abuse of the judicial process because Plaintiff did not truthfully complete the complaint form and failed to honestly disclose all his prior cases.

Plaintiff did not list case number 3:14cv55-HLA-JRK. That case was initially filed in this Court, as case number 4:13cv575-RH/CAS, but transferred to the United States Middle District of Florida, Jacksonville Division. It was then opened as case number 3:14cv55-HLA-JRK, but dismissed without prejudice on February 25, 2014, because it failed to state a claim upon which relief could be granted. *See* doc. 13 of that case. That dismissal counts as Plaintiff's third dismissal for reasons listed under 28 U.S.C. § 1915(g), and Plaintiff is barred from proceeding with in forma pauperis status under § 1915(g).

That statute, enacted by the Prison Litigation Reform Act of 1995 (PLRA), provides that a prisoner may not bring a civil action in forma pauperis under § 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff's three prior prisoner actions which were dismissed for reasons listed in § 1915(g) require the denial of Plaintiff's in forma pauperis motion, doc. 4, unless Plaintiff is under imminent danger of serious physical injury.

Review of the complaint reveals Plaintiff claims that he has been "under attack" and is in "fear for his life, health, safety and well being" by Defendants Palmer and Watters. Doc. 1. Although Plaintiff asserts that he filed emergency grievances which

were reviewed by the Inspector General's Office, the primary facts alleged by Plaintiff concern the denial of Plaintiff's grievances, and allegations that he was "set up" with a false disciplinary report to prevent Plaintiff from receiving a "good adjustment" transfer out of close management. *Id.* at 9-13. Plaintiff contends he was "attacked" when Defendant Watters wrote two retaliatory disciplinary reports against Plaintiff. *Id.* at 12. There are no allegations of actual physical abuse. Plaintiff's only allegation of threatened abuse is that Defendant Watters told Plaintiff that if he filed a grievance while housed in M-Wing, he would "beat the s— out of plaintiff and then bury plaintiff all the way back to CM 1 for an Assault on Staff." *Id.* at 13. That alleged threat was made on April 11, 2014, and does not reveal Plaintiff is in imminent danger. All factual allegations concern events from March and April, 2014. Doc. 1 at 9-13. There are no factual allegations concerning recent events. Therefore, those allegations do not show that Plaintiff faces "imminent danger" of serious physical injury.

Accordingly, because Plaintiff's complaint is insufficient to demonstrate that the § 1915(g) bar should not be applied, Plaintiff's motion proceed in forma pauperis, doc. 4, should be denied, and this case should be dismissed. Dismissal should be without prejudice such that Plaintiff could file a new complaint in which he presents all of these same allegations, but he must pay the full $400.00 filing fee at the time of filing the complaint. Should Plaintiff believe that pursuing a case permitted by the § 1915(g) exception is warranted, Plaintiff could initiate a new case in which he states clearly at the outset the basis for the case and presents plausible claims showing that he is in

imminent danger of serious physical injury. Such a case should be filed in the Middle District of Florida where Plaintiff is incarcerated and where the Defendants are located.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for leave to proceed in forma pauperis, doc. 4, be **DENIED** pursuant to 28 U.S.C. § 1915(g), and this case should be **DISMISSED without prejudice.**

**IN CHAMBERS** at Tallahassee, Florida, on October 30, 2014.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**